IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLENN VERSER,<br>No. N-72074, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 3:15-cv-01263-SMY<br>) |
| STEPHEN DUNCAN, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Glenn Verser was recently released from prison. At all times relevant to this case, he was incarcerated at the Lawrence Correctional Center in Sumner, Illinois. Proceeding *pro se*, Verser brought this civil rights action (Doc. 1) in the United States District Court for the Central District of Illinois. A preliminary review pursuant to 28 U.S.C. § 1915A was performed by District Judge Sue E. Myerscough (Doc. 15). Judge Myerscough rejected Plaintiff's attempt to pursue a class action on behalf of all inmates at four Illinois prisons who were searched by the "Orange Crush" Tactical Unit in 2014. Plaintiff, however, was permitted to proceed with claims stemming from his own personal experience when the Orange Crush searched Centralia Correctional Center on July 10, 2014. The order intimated that an amended complaint was necessary. Because Centralia Correctional Center is located in the judicial district for southern Illinois, the case was transferred to this court. Upon closer inspection of Verser's complaint, it appears that he was actually searched at Lawrence Correctional Center, not Centralia. In any event, Lawrence is located in the southern district of Illinois, so this court remains the proper venue for this action.

Although the original complaint underwent a preliminary review, Plaintiff Verser (while incarcerated) filed a proposed amended complaint, which the Court construes as a motion for leave to amend (Doc. 19). In accordance with Federal Rule of Civil Procedure 15(a)(1), Plaintiff may amend the complaint without the Court's permission; accordingly, the motion to amend (Doc. 19) will be granted. The Court will now proceed with the preliminary review required under 28 U.S.C. § 1915A.

The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Verser generally alleges his constitutional rights were violated during a strip search and cell shakedown conducted by the Orange Crush Tactical Team at Lawrence on July 10, 2014. Verser has named as defendants 69 Illinois Department of Corrections employees and "Unknown

Members of the Tactical Team Known as the Orange Crush."[1]

Relative to the July 10, 2014 search effort, Plaintiff claims some defendants conducted the search in a humiliating manner, violated the Prison Rape Elimination Act, single-cuffed Plaintiff behind his back despite knowing Plaintiff had a medical permit prohibiting him being cuffed in that fashion, physically assaulted him, and ignored his medical needs.  Other defendants allegedly failed to intervene to prevent those actions.  "All defendants" were purportedly informed of Plaintiff's medical permit and ignored his "serious medical needs."

Two days after the Orange Crush search, Plaintiff was seen by Nurse Angel Rector regarding his hypertension.  At that time Plaintiff sought treatment for injuries sustained during the search, but Nurse Rector told Plaintiff he would have to make another sick-call request in order to have those injuries addressed.

At an unspecified time, Heather Cecil "retaliated against the Plaintiff by interfering with his legal mail [from appointed counsel] by holding or returning it to sender."  As a result, Verser missed the deadline for filing a motion for costs following a favorable judgment in *Verser v. Barfield*, 741 F.3d 734 (7th Cir. 2013).

Plaintiff Verser seeks compensatory and punitive damages.

## Discussion

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois.  Verser's amended complaint closely tracks the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-PMF, which was filed in this Court on March 19, 2015.  The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of

---

[1] Two defendants named in the original complaint have not been named in the amended complaint:  Joseph Yurkovich and Gladyse C. Taylor.  Two individuals have been added as defendants in the amended complaint:  Goins and Officer Armstrong.

himself and a class of prisoners that were subjected to similar strip searches while incarcerated at Lawrence and three other Illinois prisons during 2014. Should the *Ross* class be certified, Verser would likely be a member of the class. Owing to the similarities between the two cases and the need to consolidate judicial resources, Verser's case was transferred to the undersigned judge.

With that point out of the way, the Court will evaluate Verser's particular claims pursuant to 28 U.S.C. § 1915A. In his amended complaint, Verser has listed four discrete causes of action, which are set out below. Because Verser has enumerated all of his claims, the Court will rely on his list for the operative causes of action that Plaintiff wishes to bring in this case.

> **COUNT 1:** Cruel and unusual punishment was inflicted in violation of the Eighth Amendment when:
>
> > **(a)** John Doe (Badge No. 13371) and an unidentified officer inflicted unnecessary physical and emotional pain and suffering upon Plaintiff during the strip search, shakedown;
> >
> > **(b)** John Doe (Badge No. 13371) was deliberately indifferent to Plaintiff's serious medical needs;
> >
> > **(c)** John Doe (Badge No. 13371) and other unidentified officers formed a "nuts to butts" line up (also violating the Prison Rape Elimination Act, 42 U.S.C. § 15607);
> >
> > **(d)** T. Conrad, S. Conrad, Justin Eckelberry, Jerry Tanner, Marcus Jenkins, Eric Weber, Brian Livingston, Gary Perkins, Akeem Hamilton, Kyle Brooks and Unknown Members of the Tactical Team "Orange Crush" failed to intervene relative to how Plaintiff's hands were cuffed, and then they physically assaulted Plaintiff; and
> >
> > **(e)** Investigating Officer Leak, Goins and Brad Stuck ignored Plaintiff's medical needs.
>
> **COUNT 2:** Steven Duncan, Michael Gilreath, Jason Zollars, Andy Stout, Dale Monical, Ben Lewis, Brad Yonaka, Kevin W. Johnson, Janet Carle, Officer Armstrong, Bud Brown, Stephen Sawyer, Walter McCormick, Jerry Harper, Jason Ginder, Jeremiah Patterson, James Berry, Randy Baylor, Bill Carrol, Lance Wise, Daniel Dust, Jarrod Carter, Timothy McCallister, Noble Harrington, Samuel Shehorn, Jeffrey Kid, Ben Vaughn, Travis Ochs, Robert Kamp, Anthony Senn, Trent Ralston, Maury

>Goble, Bradley Ausbrook, Seth Hough, Christopher Brant, Ethan Clary, Matt Winka, Michael Dean, Nicholas Lampley, Dallas Willis, Christopher Cales, James Gosnell, Alexander Lockhart, Matthew Tribble, Andrew Gangloff, Marly Ellen Thomason, Doug Line, Jacob Milan, Zachariah Buchanan, Andrew Volk, John Chenault Jr., Dan Mullin, Andrew Mays, Brandon Richey, and Unknown Members of the Tactical Team "Orange Crush" Failed to intervene when Plaintiff was physically assaulted in violation of the Eight Amendment (*see* Count 1).[2]

**COUNT 3:** Nurse Angel Rector was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

**COUNT 4:** Heather Cecil retaliated against Plaintiff in violation of the First Amendment when she interfered with "legal mail" from his counsel and/or the John Marshall Law School.

## COUNTS 1-3

Given the similarity between Verser's complaint and the complaint in *Ross*, the fact that the complaint in *Ross* was permitted through screening, and the fact that multiple motions to dismiss are pending in *Ross* but not yet decided, the Court is of the opinion that Counts 1-3 cannot be dismissed at this time. Those claims will be allowed to proceed. However, the Court stresses that the defendants are not precluded from moving to dismiss the amended complaint or portions of it for the reasons articulated in the *Ross* motions to dismiss (or for any other reasons).

With respect to the Unknown Party Orange Crush officers, including the officer identified by Badge No. 13371: these officers must be identified with particularity before service of the amended complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth*

---

[2] The knowledge and involvement of all 54-plus defendants to this claim strains credulity, but at this juncture, given the notice pleading standard, Count 2 will not be dismissed.

*Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir.2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown Orange Crush officers are identified, Verser shall file a motion to substitute the named individuals with the Unknown Party officer designations.

## **COUNT 4**

Count 4 alleges that, at an unspecified time(s), Heather Cecil retaliated against Plaintiff by interfering with "legal mail" sent from Plaintiff's appointed counsel and/or John Marshall Law School. As a result, in *Verser v. Barfield*, 741 F.3d 734 (7th Cir. 2013), Plaintiff missed the deadline for seeking costs.

Plaintiff specifically characterizes the allegations as retaliation, as opposed to interference with Plaintiff's right to access the Court and/or seek redress of his grievances, also within the ambit of the First Amendment. Because Plaintiff specifically asserts a First Amendment retaliation claim, the Court will analyze it as such.

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). In order to state a retaliation claim, a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006).

The amended complaint does not suggest Heather Cecil's retaliatory reason for interfering with Plaintiff's "legal mail. Count 4, therefore, will be dismissed without prejudice. Again, the allegations suggest a claim related to the interference with Plaintiff's right to access

the Court and/or seek redress of grievances, but Plaintiff must make that decision. When considering whether to further amend the complaint to plead a First Amendment claim, Plaintiff should keep in mind *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), and Federal Rule of Civil Procedure 20.

In *George*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). Although a party may join "as many claims as it has against an opposing party, claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 607. Multiple defendants can be joined in a single action, but only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2). If Plaintiff were to file a second amended complaint that added a First Amendment claim against Heather Cecil, and the Court concluded Cecil could not be joined with the other defendants involved in the counts pertaining to the Orange Crush incident, the First Amendment claim would be severed into a new case and an additional filing fee would automatically be assessed.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion to file an amended complaint (Doc. 19) is **GRANTED**. The Clerk shall file the amended complaint.

**IT IS FURTHER ORDERED** that, with respect to the newly amended complaint, **COUNT 4** and Defendant **HEATHER CECIL** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1-3** of the newly amended complaint shall **PROCEED**.

Because Plaintiff paid the full filing fee and he has not moved for service of process at government expense (*see* 28 U.S.C. § 1915(d)), Plaintiff is responsible for effecting service of process in accordance with Federal Rule of Civil Procedure 4. Because the amended complaint was submitted prior to December 1, 2015, Plaintiff has 120 days to effect service (effective December 1, 2015, the period was reduced to 90 days). Plaintiff is advised that he may utilize the waiver provision in Rule 4(d) to satisfy the service requirement. Failure to effect service within the 120-day period may result in the dismissal of the defendant(s) or the case. Proof of service is required under Rule 4(l).

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**